UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANSWAN & MALIKA CLAVELLE, | No. 2:14-cv-927-MCE-EFB PS |
| Plaintiffs, | |
| v. | ORDER |
| CHILDREN FAMILY SERVICES OF CONTRA COSTA & SOLANO COUNTY, | |
| Defendants. | |

Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  Their declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiffs may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiffs' complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3  fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7  a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8  relief above the speculative level on the assumption that all of the complaint's allegations are
9  true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations
13 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14 construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16 the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17 "requires a complaint to include a short and plain statement of the claim showing that the pleader
18 is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19 upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
20 *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
22 those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
23 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
24 confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
25 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
26 "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
27 authorized by a federal statute that both regulates a specific subject matter and confers federal
28 jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiffs' complaint is brought under 42 U.S.C. § 1983. It names as defendants the Children Family Services of Contra Costa ("Contra Costa CFS"); Children Family Services of Solano County ("Solano County CFS"); Julie Lutz; Lindsay Kennedy; Eleanor Walker; Adrienne Brooks; Jonathan Chapman; Heather Walsh; Tina Payne; Susan Dolan; Kim McDowell; Meghan Morris; and Denise Billingsley.[2] Its allegations are difficult to decipher, but appears to include claims that various defendants and county agencies relied upon false statements about domestic violence to remove plaintiffs' minor children from their home and to terminate plaintiffs' parental rights. The complaint seeks damages and an injunction prohibiting any adoption proceeding and requiring the immediate return of the two minor children.

Specifically, the complaint alleges that plaintiffs previously resided in Concord, California, with their minor child, referred to herein as F.C. ECF No. 1 ¶ 17. It further alleges that in December 2011, plaintiff Malika Franswan was involved in a verbal altercation with her child's doctor. *Id.* ¶ 20. During the altercation, the doctor allegedly threatened to contact child protective services. *Id.* Thereafter, on January 18, 2012, defendant Julie Lutz, a social worker, came to plaintiffs' house and allegedly demanded entrance. *Id.* ¶ 21. Ms. Lutz allegedly threatened to have plaintiffs arrested and to remove their minor son from the home. *Id.*

Plaintiffs subsequently submitted a complaint against Ms. Lutz to Valerie Early, the director of Contra Costa CFS. *Id.* ¶ 25. A meeting was held to deal with the "issues" plaintiff was having with Ms. Lutz. *Id.* ¶ 27. Plaintiffs allege that at this meeting Ms. Lutz yelled and screamed. *Id.* Plaintiffs also claim that after this meeting, Ms. Lutz's supervisor acknowledged

---

[2] While the complaint's caption only names Children Family Services of Contra Costa & Solano County as a defendant, the complaint purports to allege claims against several defendants.

that the minor child was healthy and happy, and that the child protective services's case would be closed. *Id*. ¶ 30.

The complaint further alleges that in February 2012, Ms. Lutz called plaintiffs and stated that "it's not over," and then hung up the phone. *Id*. ¶ 31.  Then, in April 2013, Ms. Lutz allegedly removed plaintiffs' minor child from the home without a warrant or without exigent circumstances." *Id*. ¶ 32.  Plaintiffs claim that Lutz, with Kennedy's approval, subsequently went before a state court and presented fraudulent testimony and fabricated documents to obtain a court order which caused the minor child to be detained from April 2013 to December 2013. *Id*. ¶ 33, 35.

In July 2013, plaintiff Malika Clavelle gave birth to another child, referred to herein as D.C. *Id*. ¶ 36.  According to the complaint, this child, too, was improperly removed.  Plaintiffs allege that in October 2013, defendant Eleanor Walker, an employee of Contra Costa CFS, "testified using the same fraudulent testimony of Defendant Julie Lutz coupled with information she obtained from" the plaintiffs in August 2011, to have plaintiffs' other child detained. *Id*. ¶ 9, 36.  Plaintiffs claim that defendant Adrienne Brooks allowed Walker to submit the fraudulent testimony and evidence. *Id*. ¶ 37.  They also claim that in October 2013, Walker and defendant Jonathan Chapman, without imminent risk of harm to the child, a warrant, or reasonable cause, removed plaintiffs' second child from the child's grandmother's home. *Id*. ¶ 39.

The complaint further alleges that in November 2013, Walker and Brooks were "aware of minor [F.C.'s] repeated physical injuries . . .[and] wish to return home to his naturel parents," but these defendants left F.C. in an abusive environment. *Id*. ¶ 42.  Defendant Heather Walsh was aware of reports of physical abuse, but declined to remove F.C. from the "injurious environment." *Id*. ¶ 44.  Plaintiffs further claim that defendant "Kim McDowell allowed Heather Walsh to knowingly le[ft] the minor in the injurious environment" *id*. ¶ 45, and that in March 2014, defendants Walker and Walsh "fraudulently testified based on fraudulent and fabricated documents they knew to be false . . . in order to obtain an order deeming minor [F.C.] a ward of the juvenile court." *Id*. ¶ 51.

/////

Plaintiffs claim that the same month, defendant Meghan Morris threatened to seize D.C. because plaintiffs were asserting their constitutional rights. *Id*. ¶ 52. The threats were allegedly allowed or tolerated by defendant Denise Billingsley, *id*. ¶ 53, and Morris subsequently presented fraudulent testimony in order to obtain a custody warrant to detain D.C. *Id*. ¶ 56. In April 2014, defendants Morris, Billingsley, and Payne allegedly detained D.C., and placed the minor child in foster care. *Id*. ¶ 58.

Based on these allegations, plaintiffs purport to assert thirty-five causes of action. *Id*. at 8-19. But the complaint does not identify or otherwise designate the causes of action by title, nor identify which defendant or defendants each claim is asserted against. Instead, plaintiffs' claims are only identified numerically. As far as the court can discern, the majority of plaintiffs' claims appear to be brought under 42 U.S.C. § 1983 for violation of plaintiffs' constitutional rights, but even that is not clear.

To state a claim under § 1983, plaintiffs must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each of plaintiffs' purported causes of action fails to allege sufficient facts to state a claim under section 1983. Particularly problematic is plaintiffs' failure to identify in each cause of action the specific constitutional violation that was allegedly committed by each defendant. For instance, in their first, second, fourth, and fifth cause of action, plaintiffs allege that defendant Lutz, acting with malice and the intent to intimidate, verbally assaulted plaintiffs and "threatened to make false and fabricated allegations of mental illness, Domestic Abuse, and medical neglect and to have [plaintiffs] arrested . . . ." ECF No. 1 ¶¶ 59, 60, 62, 63. Plaintiffs do not, however, identify a specific constitutional provision that Lutz allegedly violated. Plaintiffs' other causes of actions contain similarly vague and conclusory allegations regarding the submission of fabricated evidence and making undisclosed perjuriously statements before the state court for the purpose of removing the minor children from plaintiffs' custody. *See generally id*. at 8-19. Additionally, the complaint is replete with allegations that various defendants failed to protect the minor children from future harm. *See id.* ¶¶ 69, 71, 72, 75, 77-80. Again, however, plaintiffs fail to identify a single specific

5

constitutional violation that was allegedly committed by any of the named defendants.[3]  As drafted, the court is unable to discern the precise cause of action plaintiffs intend to allege against each defendant.  Furthermore, the complaint is devoid of specific allegations in support of plaintiffs' claims.  As plaintiffs have failed to identify a precise constitutional provision that each defendant violated, and provide no factual allegations to establish each such alleged violation(s), plaintiffs have failed to give defendants "fair notice of what the claim is and the grounds upon which" each claim rests.  *Twombly*, 550 U.S. at 554, 562-563 (2007).  Accordingly, plaintiffs' section 1983 claims against the individual defendants must be dismissed.

Plaintiffs name Children Family Services of Contra Costa and Children Welfare Services of Solano County as defendants.  *See* ECF No. 1. at 1.  "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing 436 U.S. at 690-94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."  *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).  A local governmental entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights."  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with

/////

---

[3] In the first paragraph of the complaint, plaintiffs allege that defendants violated their rights under the First, Fourth, Fifth, Ninth, Thirteenth, and Fourteen Amendments to the United States Constitution.  ECF No. 1 ¶ 1.  They do not, however, identify the specific constitutional provisions that were violated or explain which facts support each alleged violation.

1 respect to the subject matter in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

Plaintiffs' complaint does not allege a constitutional violation based on a policy or custom. Accordingly, as plaintiffs' § 1983 claims against Children Family Services of Contra Costa & Children Welfare Services of Solano County are against government units, plaintiffs have failed to state a section 1983 claim against them.

The complaint also makes reference to 18 U.S.C. §§ 242 and 1001. These criminal statutes do not provide a private right of action, and therefore any claim brought under these statutes must be dismissed. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. § 242 is a criminal provision that does not provide a basis for civil liability); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding that 18 U.S.C. § 1001 does "not provide for a private right of action and [is] thus not enforceable through a civil action.").

Lastly, the complaint contains a single reference to the American with Disabilities Act. ECF No. 1 at 2. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."). Plaintiffs' complaint alleges no facts that satisfy those required elements.

Further, "[t]o recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate

1  indifference, which "requires both knowledge that a harm to a federally protected right is
2  substantially likely, and a failure to act upon that likelihood." *Id.* at 1139. Again, plaintiffs'
3  allegations do not meet that requirement.
4       Lastly, plaintiffs cannot allege an ADA claim against any of the defendants in their
5  individual capacities. "In suits under Title II of the ADA . . . the proper defendant usually is an
6  organization rather than a natural person . . . . Thus, as a rule, there is no personal liability under
7  Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at
8  *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring
9  an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate
10 rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).
11 Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the
12 defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-
13 88 (9th Cir. 2003).
14      Based on the forgoing, the court finds that plaintiffs' claims are too vague and conclusory
15 to state a cognizable claim for relief. Plaintiffs are granted leave to file an amended complaint, if
16 they allege a cognizable legal theory against a proper defendant and sufficient facts in support of
17 that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
18 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
19 their complaints). Should plaintiffs choose to file an amended complaint, the amended complaint
20 shall clearly set forth the allegations against each defendant and shall specify a basis for this
21 court's subject matter jurisdiction. Any amended complaint shall plead plaintiffs' claims in
22 "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as
23 required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper
24 that bears line numbers in the left margin, as required by Eastern District of California Local
25 Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each
26 claim alleged and against which defendant or defendants the claim is alleged, as required by Rule
27 10(b), and must plead clear facts that support each claim under each header.
28 /////

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' request to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiffs' complaint is dismissed with leave to amend, as provided herein.

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 22, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE